# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF AMERICAN LADY CRUISES, LLC. AND P.J. HOLDINGS, LLC, AS OWNERS OF THE MOTOR VESSEL M/V DUBUQUE'S AMERICAN LADY, O.N. 1029327, FOR EXONERATION FROM OR LIMITATION OF LIABILITY, | No. C19-1018-LTS |
| | |
| Limitation Plaintiffs, | **ORDER** |

This matter is before me upon a motion (Doc. No. 12) for entry of injunction and notice to claimants filed August 28, 2019, by petitioners American Lady Cruises, LLC (American Lady Cruises), and P.J. Holdings, LLC (P.J. Holdings).

## I.    *FACTUAL BACKGROUND*

American Lady Cruises is the owner, operator, charterer and/or owner pro hac vice of the motor vessel Dubuque's American Lady, O.N. 1029327 (the Vessel), a self-propelled passenger vessel.  P.J. Holdings is the registered owner of the Vessel and chartered or leased it to American Lady Cruises.   The Vessel is 70.7 feet in length with a beam of 20.0 feet and a depth of approximately 5.4 feet.  American Lady Cruises crewed, operated, supplied and controlled the Vessel.

On or about June 15, 2019, the Vessel was engaged in a private passenger excursion on the Mississippi River, in the vicinity of Dubuque, Iowa.  An incident[1] occurred in which passenger Kunduz I. Asanova and potentially other passengers were

---

[1] Petitioners do not allege any facts describing the incident.

allegedly injured.  On August 13, 2019, petitioners filed a claim in this court seeking exoneration from and/or limitation of liability pursuant to the Shipowner's Limitation of Liability Act, 46 U.S.C. § 30501, et seq. (the Act).  In their complaint, petitioners request that the court: (1) enter an order approving the petitioners' stipulation for security in the amount of $650,000.00, (2) issue a notice to all persons asserting claims against American Lady cruises and P.J. Holdings to file their claims with the Clerk of this Court on or before a date fixed by the court, (3) issue an injunction restraining and enjoining any and all claimants from filing, commencing or further proceeding in any actions against petitioners arising out of the June 15, 2019, incident other than by filing a claim in these proceedings, (4) enter judgment in favor of Petitioners exonerating them from any loss, damage, injury or liability for any claims arising out of the June 15, 2019, incident, (5) limit the liability of petitioners, if any, to any interest remaining in the Vessel and the hire due at the time of the incident and (6) grant any other relief that the law and justice may require.  In the pending motion for injunction and notice, petitioners also request that notice be published in the *Telegraph Herald* once a week for four successive weeks prior to the date fixed by the court for the filing of claims.

## II.    DISCUSSION

The Act provides that the owner[2] of a vessel may bring a civil action in a district court of the United States for limitation of liability, but it must be brought within six months after a claimant gives the owner written notice of a claim.  46 U.S.C. § 30511. Under the Act, the liability of the owner of a vessel may be limited to the value of the vessel and pending freight.  § 30505.  Supplemental Admiralty and Maritime Claims Rule F sets forth the process for filing a complaint seeking exoneration from liability or

---

[2] The statute defines "owner" to also include "a charterer that mans, supplies, and navigates a vessel at the charterer's own expense or by the charterer's own procurement."  46 U.S.C. § 30501.

Case 2:19-cv-01018-LTS-KEM   Document 13   Filed 08/29/19   Page 2 of 4

limitation of liability.  Fed. R. Civ. P. Supp. Admiralty and Mar. Claims F; *see also Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001).

Rule F(1) requires the vessel owner to deposit with the district court or a trustee security in an amount equal to the "value of the owner's interest in the vessel and pending freight."  Once the owner posts security, the district court,

> shall issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice.

Rule F(4).  The date named shall not be less than 30 days after issuance of the notice. *Id*.  Upon the shipowner's request and compliance with Rule F(1), the court "shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action."  Rule F(3).

This complaint was filed within six months of the alleged incident.  Petitioners allege that at all times material to any alleged claims they exercised due diligence to make the Vessel staunch, seaworthy, properly manned, equipped, supplied and outfitted for its intended purpose.  They allege that injuries allegedly sustained by Asanova and other passengers occurred without the privity or knowledge of American Lady Cruises or P.J. Holdings.  They allege that the incident was not due to any fault, negligence or lack of due care on their part.  Petitioners have filed a Stipulation of Value (Doc. No. 3) estimating the value of the Vessel to be $650,000.  Petitioners have filed a Letter of Undertaking as security for the stipulated value as well as security for costs in the amount of $1,000.  Upon this record I find that petitioners are entitled to a limitation of liability in the amount stated.

### III.    CONCLUSION

For the reasons set forth herein:

1.      Petitioner's request for an injunction and notice (Doc. No. 12) is **granted.**

2.	All claimants are hereby enjoined from filing, commencing or further proceeding in any actions against petitioners, the Vessel, or against any other property of the petitioners, arising out of the June 15, 2019, incident, other than by filing a claim in these proceedings.

3.	Petitioners shall provide notice, pursuant to the provisions of the Supplemental Rule F(4) of the Federal Rules of Civil Procedure, to all persons or entities asserting any claims with respect to the June 15, 2019, incident involving Dubuque's American Lady, O.N. 1029327.  The court further admonishes all such parties to file their respective claims with the Clerk of this Court and to serve on the attorneys of the petitioners a copy thereof on or before **November 7, 2019**.

4.	Petitioners shall publish notice in the *Telegraph Herald* once a week for four successive weeks prior to the date fixed hereinabove for the filing of claims, in accord with Supplemental Rule F(4) of the Federal Rules of Civil Procedure.

5.	Petitioners shall provide the names and addresses to the Clerk of Court of all claimants known to petitioners and the Clerk of Court shall serve this Order upon all claimants known to petitioners.


**IT IS SO ORDERED.**

**DATED** this 29th day of August 2019.


_____
Leonard T. Strand, Chief Judge

4